

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

August 28, 1970

Honorable Preston Smith
Governor of Texas
Capitol Station
Austin, Texas 78711

Opinion No. M-670

Re: Authority of the office of
Governor to provide direct
planning assistance through
its own staff to Texas
communities.

Dear Governor Smith:

Your request for an opinion asked the following question:

"Is it legal for the office of the Governor
to provide direct planning assistance, through its
own staff, to Texas communities ?"

The authority of the Governor or his designated representative to arrange planning assistance to Texas communities is governed by the provisions of House Bill Number 1219, Acts of the 61st Legislature, Regular Session, 1969 (being Ch. 429, P. 1449, and codified by Vernon's as Article 1269L-2.1, Vernon's Civil Statutes) which provides, in its relevant part, as follows:

"Section 1. The governor or his designated
representative is hereby authorized, upon request
to (of) the governing body of any political sub-
division or the authorized agency of any group of
political subdivisions:
    (a) to arrange planning assistance (including
surveys, community renewal plans, technical services,
and other planning work) and to arrange for the making
of a study or report upon any planning problem of any
such political subdivision or political subdivisions
submitted to the governor or his representative;
    (b) to agree with such governing body, or the
agency of such governing bodies as to the amount, if
any, to be paid to the governor's office for such
service; and
    (c) to apply for and accept grants from the
federal government or other sources in connection
with any such assistance, study or report, and to
contract with respect thereto. The regular functions

-3197-

of the office of the governor or other state
agencies may be utilized in this program.

"Section 2.  All property, records, and person-
nel used by the State Department of Health in ad-
ministering such programs for planning assistance
as are authorized in this Act are transferred to
the governor's office."  (Emphasis added.)

It is our opinion that Article 1269L-2.1, Vernon's
Civil Statutes, does allow the Governor or his designated rep-
resentative to provide direct planning assistance to Texas com-
munities.  The Emergency Clause of the above bill emphasizes as
a justification "the fact that the governor, by statute, is the
Chief Planning Officer of the State of Texas, and as such is
charged with responsibility for coordinating state, regional,
and local plans.  . . ."

The question arises over the interpretation of the word
"arrange" as used in the statute, and whether the intent was for
the Governor to arrange for others to perform the planning, or
whether the intent was to authorize the Governor to arrange for
such services by use of his own staff.  The word "arrange" as
used is ambiguous and subject to construction.  The statute
should be given a liberal construction to carry out its evident
humanitarian and governmental purpose, which was to vest in the
Governor the responsibility and duty of initiating such action
as is proper and necessary to bring about the planning assistance
required by the Texas communities.  Rather than confining the
Governor's office to merely arranging with others to perform
specific planning on behalf of the cities, the Legislature, under
our interpretation of the statute as a whole, authorizes the
Governor's office to provide the direct planning assistance to
the Texas communities by the use of his staff.  This is further
evidenced by the transfer of property, records and personnel of
the State Department of Health in administering such programs
for planning assistance to the Governor's office, as provided in
Section 2 of the Act under consideration.

Growth trends and population shifts of recent years
have indicated a vital need for city, local and regional planning
and have created additional federal and state cooperative interest
in this field.  Financial limitations, however, prevent many
communities from entering a planning program which would eventually
be practical and economically feasible.  Apparently the legislature
had these needs in mind when the subject legislation was passed,
and contemplated that the Governor's office would administer

assistance to all local governments as needed with an impartial and just eye to all.  In 27 Tex.Jur.2d 209, Governor, §4, we find the following:

> "The constitution specifically requires him to cause the laws to be faithfully executed, and it is assumed by the courts that the governor will seek the public good in discharging his office." (Emphasis added.)  Citing Conley v. Daughters of the Republic, 106 Tex. 80, 156 S.W. 197.(1913)(Emphasis supplied.

Further:

> "The welfare of the state and the purpose for which the powers were granted must be given primary consideration in the construction of the various statutes relating to powers, . . ."  81 C.J.S. 978, States, Section 58.

Words of statutes are generally construed so as to support the purpose for which the legislation was created.

> "Uncertain or ambiguous words will be construed so as, if possible, to produce a reasonable result in harmony with the purpose of the act."  82 C.J.S. 652, Statutes, Section 329.  (Emphasis supplied.)

It is our opinion that the legislature intended, with the passage of the subject article, to give the governor the means to provide direct assistance to city planning by use of his staff in such manner as the need determines, realizing that the extent of such program will be controlled by the legislative appropriation for that purpose.

### S U M M A R Y

Article 1269L-2.1, V.C.S., authorizes the governor to use his staff to provide direct planning assistance to Texas communities as needed.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Melvin E. Corley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Lehman Marks
Gordon Cass
Terry Goodman
Scott Garrison

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant